**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4673**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

JUAN RAUDEL MARTINEZ-FLORES,

                                        Defendant - Appellant.

———————

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  N. Carlton Tilley, Jr.,
Chief District Judge.  (CR-04-205)

———————

Submitted:  December 16, 2005        Decided:  January 25, 2006

———————

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender, Greensboro,
North Carolina, for Appellant.  Anna Mills Wagoner, United States
Attorney, Angela Hewlett Miller, OFFICE OF THE UNITED STATES
ATTORNEY, Greensboro, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Juan Raudel Martinez-Flores appeals the district court's sentence of twenty-four months' imprisonment entered pursuant to his guilty plea for possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5) (2000), and possession of a fraudulent alien registration card in violation of 18 U.S.C. § 1546(a) (2000). Martinez-Flores' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal, but questioning the reasonableness of Martinez-Flores' sentence. Martinez-Flores has been notified of his right to file a pro se supplemental brief but has not done so. Finding no reversible error, we affirm.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining a sentence post-Booker, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000). Id. As stated in Hughes, this court will affirm a post-Booker sentence if it is both reasonable and within the statutorily prescribed range. Id. at 546-47.

- 2 -

Martinez-Flores claims that the district court misapplied the sentencing guidelines and that his sentence was too harsh. The district court correctly applied the advisory guidelines. Martinez-Flores' twenty-four month sentence was not only within the advisory guideline range, but also well below the statutory maximum of ten years for each count. See 18 U.S.C. §§ 924(a)(2) and 1546(a) (2000). The sentence imposed by the district court was reasonable as it appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant § 3553(a) factors.

Pursuant to Anders, we have examined the entire record and find no meritorious issues for appeal. Accordingly, we affirm Martinez-Flores' sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. Accordingly, we also deny counsel's motion to withdraw as counsel. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his request in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED